NORMAN THOMAS, RELATOR-APPELLANT, v. DANIEL CASEY, DIRECTOR OF PUBLIC SAFETY OF JERSEY CITY, RESPONDENT-RESPONDENT.

Argued February 9, 1939—Decided November 29, 1939.

For the relator-appellant, *Arthur T. Vanderbilt.*

For the respondent, *James A. Hamill, Charles Hershenstein* and *Edward J. O'Mara.*

PER CURIAM.

The appeal is from a judgment of our Supreme Court, entered upon an alternative writ of *mandamus,* return and replication, denying a peremptory writ of *mandamus* to compel the director of public safety of Jersey City to issue a permit to the relator for the holding of a public meeting in Journal Square, in the city of Jersey City, or some other reasonably convenient public place, on June 7th, 1938.

The application for the permit was grounded in an ordinance of the city of Jersey City which is set out in the opinion below, 121 *N. J. L.* 185 (at *p.* 186), and need not be

repeated here. Appellant's brief contains this statement of the theory upon which the permit was sought:

"On May 17th, 1938, the appellant in pursuance of the provisions of the foregoing ordinance made an application to Daniel Casey, the Director of Public Safety of Jersey City and the respondent herein, for a permit to hold a public meeting at Journal Square or at some other reasonably convenient public place in Jersey City."

It was likewise on the provisions of the ordinance that the director of public safety rested his refusal to issue the permit. That ordinance has been held void by the United States Supreme Court. *Hague* v. *Committee for Industrial Organization* (No. 651, October term, 1938). The language of the opinion of Mr. Justice Roberts is as follows:

"As the ordinance is void, the respondents are entitled to a decree so declaring and an injunction against its enforcement by the petitioners. They are free to hold meetings without a permit and without regard to the terms of the void ordinance."

The opinion of Mr. Justice Stone goes chiefly to the acquisition of jurisdiction; we understand that both it and the opinion filed by the Chief Justice concur in the determination that the ordinance is void. We are controlled by that determination.

Our state Supreme Court, in the instant case, considered that the reasons assigned by the director of public safety for refusing the permit were sound, or sufficiently so to make his action discretionary, under the ordinance and therefore denied the writ. That reasoning falls with the voiding of the ordinance. On the other hand relator seeks to force municipal action and grounds that effort in an ordinance which has been pronounced void, not merely as to paragraph 3, upon which the respondent relied for his refusal, but *in toto*. How forceless the enactment now is may be seen in the determination, *supra,* that persons may hold meetings without a permit and without regard to the provisions of the ordinance. Aside from the provisions of the invalid ordinance it is not apparent by what authority the city authorities may

require or the relator demand a permit. It has long been established that a relator must clearly show a defendant to be bound, in the discharge of his official duty, to do the act in question before *mandamus* will issue. *State* v. *Newark,* 35 *N. J. L.* 396. For full citations of other jurisdictions to the same effect see 38 *C. J.* 582. Further, in view of the developments subsequent to and in consequence of the decision, *supra,* of the Supreme Court of the United States, the issue has now become moot.

This leads to an affirmance of the judgment, but without costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.

*For reversal*—None.